FILED BY AR24 D.C.

Nov 11, 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - Miami

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.** 1:26-mj-04044-Louis

**UNITED STATES OF AMERICA**

v.

**KELVIN GOVENDER,**

Defendant.
_______________________________/

**CRIMINAL COVER SHEET**

1. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No
2. Did this matter involve the participation of or consultation with Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024? No
3. Did this matter involve the participation of or consultation with Magistrate Judge Ellen F. D'Angelo during her tenure at the U.S. Attorney's Office, which concluded on October 7, 2024? No
4. Did this matter involve the participation of or consultation with Magistrate Judge Yeney Hernandez during her tenure at the U.S. Attorney's Office, which concluded on April 3, 2026? No
5. Did this matter involve the participation of or consultation with Magistrate Judge Brandy Brentari Galler during her tenure at the U.S. Attorney's Office, which concluded on July 31, 2026? No

Respectfully submitted,

YARA LORENZO KLUKAS
ACTING UNITED STATES ATTORNEY

By: */s/ Michael A. Pasek*
MICHAEL A. PASEK
Assistant United States Attorney
Court ID No. A5503486
99 N.E. 4th Street
Miami, Florida 33132
Telephone: (305) 961-9233
Email: michael.pasek@usdoj.gov

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

United States of America
v.

Kelvin Govender,

*Defendant(s)*

Case No. 1:26-mj-04044-Louis

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of November 10, 2026 in the county of Miami-Dade in the Southern District of Florida, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 21 U.S.C. § 841(a) | Possession with intent to distribute controlled substance |
| 18 U.S.C. § 924(c) | Possession of a firearm during and in relation to drug trafficking offense |

This criminal complaint is based on these facts:

See attached Affidavit.

☑ Continued on the attached sheet.

SA W. Strickland
*Complainant's signature*

Winfred Strickland, Special Agent DEA
*Printed name and title*

Attested to by the Applicant in accordance with the requirements of Fed.R.Crim.P. 4.1 by Facetime

Date: Nov. 11 2026

*Judge's signature*

City and state: Miami, Florida

Honorable Lauren F. Louis, United States Magistrate Judge
*Printed name and title*

**AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT**

I, Winfred Strickland, being duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I am a Special Agent with the U.S. Drug Enforcement Administration ("DEA") and an investigative or law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510(7). As such, I am empowered to investigate and make arrests for offenses enumerated in 18 U.S.C. § 2516. I have been a Special Agent with the DEA since February 2020. I am currently assigned to the Miami HIDTA Group 42. From July 2015 through October 2019, before I joined the DEA, I was employed as a Police Officer with the Rockledge Police Department in Rockledge, Florida.

2. During my tenure as a DEA Special Agent, I have participated in numerous drug investigations involving the manufacture, transportation, and distribution of controlled substances. These investigations have resulted in the seizure of controlled substances and proceeds from the sale of controlled substances, as well as arrests and convictions of drug traffickers. I am familiar with and have utilized normal methods of investigation, including but not limited to physical and electronic surveillance, questioning of witnesses, the use of search and arrest warrants, the use of informants, the use of pen registers, analysis of telephone records, the utilization of undercover agents, and the use of court-authorized wire intercepts.

3. The facts set forth in this Affidavit are based on my personal knowledge, my training and experience, as well as information obtained from others, including other law enforcement officers. This Affidavit is submitted for the limited purpose of establishing probable cause in support of a Criminal Complaint charging Kelvin **GOVENDER** with possession with

intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), and possessing a firearm during and in relation to a drug trafficking offense, in violation of Title 18, United States Code, Section 924(c).

## PROBABLE CAUSE

4. On June 25, 2026, DEA's confidential source (the "C.S.") called **GOVENDER** and introduced an undercover agent (the U.C.) to him. The C.S. introduced the U.C. to **GOVENDER** so that the U.C. could purchase cocaine. After the C.S. made the introduction, the U.C. and **GOVENDER** conducted 3 controlled purchases of cocaine in different quantities between July 31st and October 20th this year.

5. The first controlled purchase with the U.C. took place on July 31st. In the days leading up to the first controlled purchase, the U.C. and **GOVENDER** organized a drug deal in recorded text and phone conversations. **GOVENDER** agreed to sell the U.C. 3 ounces of cocaine. On the day of the controlled purchase, law enforcement observed **GOVENDER** leave his residence and meet with the U.C. at a predetermined deal location. At the deal location, **GOVENDER** handed the U.C. a brown paper bag filled with approximately 87 grams of a white powdery substance and the U.C. handed **GOVENDER** $2,400 in exchange. This first controlled purchased was audio and video recorded. Afterward, law enforcement field tested the white powdery substance, which tested positive for cocaine.

6. The second controlled purchase took place on August 21st. In the days leading up to the second controlled purchase, the U.C. and **GOVENDER** organized a drug deal in recorded text and phone conversations. This time, **GOVENDER** agreed to sell the U.C. 10 ounces of cocaine. On the day of the controlled purchase, law enforcement observed **GOVENDER** leave his residence and

meet with the U.C. at a predetermined deal location. At the deal location, **GOVENDER** handed the U.C. a brown paper bag filled with approximately 315 grams a white powdery substance and the U.C. handed **GOVENDER** $6,200 in exchange. This second controlled purchase was video (but not audio) recorded. Afterwards, law enforcement field tested the white powdery substance, which tested positive for cocaine.

7. The third controlled purchase took place on October 20th. In the days leading up to the third controlled purchase, the U.C. and **GOVENDER** organized a drug deal in recorded text and phone conversations. **GOVENDER** agreed to sell the U.C. 10 ounces of cocaine, again. On the day of the controlled purchase, law enforcement observed **GOVENDER** leave his residence and meet the U.C. at the predetermined deal location. At the location, **GOVENDER** handed the U.C. a brown paper bag filled with approximately 335.65 grams of a white powdery substance and the U.C. handed **GOVENDER** $6,400 in exchange. This controlled purchase was audio and video recorded. Afterwards, law enforcement field tested the white powdery substance, which tested positive for cocaine.

8. Your Affiant requested that the Miami-Dade Sheriff Office ("MDSO") assist the DEA in arresting **GOVENDER** based on all three controlled purchases of cocaine mentioned above. MDSO agreed to assist the DEA in making the arrest, and your Affiant communicated the probable cause to arrest **GOVENDER** for violating 21 U.S.C. § 841(a) in a face-to-face briefing of MDSO officers.

9. On November 10, 2026, law enforcement observed **GOVENDER** exit his residence, get into his pickup truck, and drive away from his residence. MDSO officers initiated a traffic stop of **GOVENDER**'s vehicle, roughly three miles from **GOVENDER**'s residence, at the intersection

SW 152nd Street and SW 117th Avenue. Officers stopped **GOVENDER**'s vehicle in the middle of a right-hand turning lane. At the time of the traffic stop, a K-9 unit was already on scene.

10. **GOVENDER** immediately advised law enforcement that he was in possession of a firearm when officers approached him. Tucked inside **GOVENDER**'s waistband, officers found a loaded Heckler & Koch P2000 SK 9mm handgun. **GOVENDER** was placed under arrest in connection with the previous controlled purchases of cocaine discussed in paragraphs 5 through 7.

11. Due to safety concerns, law enforcement moved **GOVENDER**'s vehicle from the middle of the intersection to the parking lot of a Marathon gas station located right across the street on the corner of 152nd Street. There, the on-scene K-9 unit was deployed to conduct a free air sniff. The K-9 alerted positive to the driver's side of **GOVENDER**'s vehicle. Under the drivers' seat of **GOVENDER**'s vehicle, law enforcement located a brick-shaped package inside a storage compartment. The brick-shaped package field tested positive for cocaine.

12. Law enforcement advised **GOVENDER** of his Miranda rights and conducted a post-Miranda interview of **GOVENDER**. During the interview, **GOVENDER** admitted that he deals cocaine as part of his livelihood. **GOVENDER** further stated that an unknown male (who he refused to identify) gave **GOVENDER** a kilogram of cocaine at a meeting near his residence on the night of November 9, 2026. **GOVENDER** told law enforcement that he placed the kilogram inside of his residence overnight. And **GOVENDER** admitted he placed the kilogram of cocaine inside of his truck before leaving his residence on November 10, 2026. **GOVENDER** also said that he was transporting the kilogram of cocaine in his vehicle because he was going to "meet someone in Wynwood."

13. Law enforcement obtained a search warrant for **GOVENDER**'s residence on the night of November 10th. Inside **GOVENDER**'s residence, law enforcement found nine kilogram

bricks of a white powdery substances believed to be cocaine. Law enforcement found some of the kilogram bricks in an unlocked box, while the rest of the kilogram bricks were found inside a locked safe. The kilogram bricks of a white powdery substance found inside **GOVENDER**'s residence had the same physical appearance and were similarly packaged as the field-tested kilogram brick found inside **GOVENDER**'s vehicle earlier that day.

14. **GOVENDER** had two safes in the same bedroom closet. Inside the safe with the kilogram bricks, law enforcement found roughly $70,000 in cash, a money counter, and **GOVENDER**'s U.S. passport.

15. In the safe next to the one filled with kilogram bricks and U.S. currency, law enforcement found 14 firearms and hundreds of rounds of ammunition. The firearms included 6 rifles, one uzi submachine gun, and 7 handguns. Prior to the search, **GOVENDER**'s brother had told law enforcement that there were guns inside **GOVENDER**'s residence and that the guns were owned by **GOVENDER**.

## CONCLUSION

27. Based on these facts, I respectfully submit that there is probable cause to believe that Kelvin **GOVENDER** did violate Title 21, United States Code, Section 841(a), and Title 18, United States Code, Section 924(c).

[SPACE LEFT INTENTIONALLY BLANK]

**FURTHER AFFIANT SAYETH NAUGHT.**

SA W. Strickland

Winfred Strickland
SPECIAL AGENT
DRUG ENFORCEMENT ADMINISTRATION

Attested to by the Affiant in accordance with the requirements of Fed. R. Crim. P. 4.1 by Facetime this _11th__day of November, 2026.

HONORABLE LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NUMBER:** 1:26-mj-04044-Louis

**BOND RECOMMENDATION**

DEFENDANT: KELVIN GOVENDER

PTD
(Personal Surety) (Corporate Surety) (Cash) (Pre-Trial Detention)

By: Michael A. Pasek
AUSA: MICHAEL A. PASEK

Last Known Address: 33 NE 4th Street
Miami FL 33132

What Facility: FDC Miami

Agent(s): S/A WINFRED STRICKLAND
(FBI) (SECRET SERVICE) (DEA) (IRS) (ICE) (**OTHER**)
DEA